UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | NO. 1:97-CR-10 |
| CHRISTOPHER HINES | § | |

REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed August 8, 2005, alleging that defendant violated conditions of supervised release by submitting urine specimens and sweat patch tests which tested positive for cocaine, marijuana, and PCP.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on September 19, 1997, before The Honorable Howell Cobb of the Eastern District of Texas after pleading guilty to the offense of possession with intent to distribute a schedule II controlled substance, cocaine base, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 26 and a criminal history category of III, was 78 to 97 months. Defendant was subsequently sentenced to 87 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare; financial disclosure; defendant shall not commit any offense against a foreign state or nation; pay any financial penalty that is imposed by this judgment; $5000 fine, and a $100 special assessment.

On August 21, 2003, defendant completed his period of imprisonment and began service of the supervision term.

On October 29, 2004, defendant's conditions were modified to include placement on home detention for a period not to exceed 120 days, to commence immediately. During this time, defendant was ordered to remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. Defendant was also ordered to maintain a telephone at his place

of residence without "call forwarding," a "modem," "Caller I.D.," "call waiting," or portable cordless telephones for the above period.  At the direction of the probation officer, defendant was directed to wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.  Defendant is to pay the cost associated with his program of electronic monitoring.

On May 11, 2005, defendant's conditions were again modified to extend his term of home detention from 120 days to 180 days.

## II.  The Period of Supervision

Defendant's term of supervised release commenced on August 21, 2003.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on August 8, 2005.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |

As grounds, the petition alleges that on October 29, 2004, defendant submitted a urine specimen which tested positive for cocaine, marijuana, and PCP. The petition also alleges that on January 7, 2005, defendant again submitted a urine specimen which tested positive for PCP, and that on March 1, 2005, defendant submitted sweat patch test that tested positive for cocaine. Finally, the petition alleges that on July 5, 2005, defendant submitted a urine specimen that tested positive for cocaine.

### IV.  Proceedings

On August 16, 2005, the undersigned United States Magistrate Judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a condition of supervised release by submitting a urine specimen that tested positive for cocaine on July 5, 2005. The court announced that this violation is a Grade C violation, with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

Counsel for the government and the defendant announced that they had reached an agreement as to a recommended disposition. This agreement was that the

court should revoke supervised release, impose 6 months imprisonment; followed by no additional period of supervised release.  In return, the government will decline to proceed with remaining alleged violations of supervised release conditions.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by submitting a urine specimen which tested positive for cocaine, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release

based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

### VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to an alleged violation of a mandatory condition: submitting a urine specimen which tested positive for cocaine. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this standard condition of supervised release, a Grade C violation, in the manner alleged in the petition.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. After the court modified defendant's conditions of supervision by allowing electronic monitoring, defendant submitted a urine specimen which tested positive for cocaine. The U.S. Probation Office stated that defendant has refused to adhere to the programs they have offered, and will not utilize their assistance. As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release, that he refrain from any unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of six (6) months, with no subsequent term of supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 16th day of August, 2005.

*Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE